UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

**DARRELL HUTCHINS,**                          **CIVIL ACTION NO.  6:22-CV-00871**
**CRISTI HUTCHINS**
**B & E EQUIPMENT, LLC**

**VERSUS**                                          **JUDGE TERRY A. DOUGHTY**

**JAYCO INC OF INDIANA**                   **MAG. JUDGE CAROL WHITEHURST**
**DIXIE R V SUPERSTORES**

## MEMORANDUM RULING

Pending before the Court is a Motion for Summary Judgment [Doc. No. 24] filed by Defendants Jayco Inc. of Indiana ("Jayco") and Dixie RV Superstores of Acadiana, LLC ("Dixie") (collectively, "Defendants"). Darrell Hutchins ("Darrell"), Cristi Hutchins ("Cristi") (collectively, "Hutchinses"), and B & E Equipment, LLC ("B & E Equipment") (collectively, "Plaintiffs") filed an Opposition [Doc. No. 28] and Defendants have filed a reply [Doc. No. 30].

For the reasons set forth herein, Defendants' Motion is **GRANTED IN PART** and **DENIED IN PART**.

### I.    FACTS AND PROCEDURAL BACKGROUND

This case arises out of the purchase of a motor home.[1] On or about February 20, 2019, Defendant Dixie, a Louisiana limited liability company, sold a Jayco Anthem Model 44 Class A motor home to Plaintiffs for a total sales price of $358,000.00, with B & E Equipment named as the registered owner.[2]  However, the Buyer's Order was signed by Darrell Hutchins.[3] The Buyer's

---

[1] [Doc. No. 1]
[2] [Id. p. 2]
[3] [Doc. No. 24-5 p. 4]

1

Order contained the following warranty language:

> Warranty Information
>
> If this is a new Vehicle, the Vehicle is subject to a standard written manufacturer's warranty. This warranty is made by the manufacturer and not by us.
>
> BUYER'S WAIVER OF WARRANTIES - "AS IS" SALE
>
> Unless we give you, a written warranty or enter into a service contract with you within 90 days from the date of this contract, we make no warranties, express or implied, on the vehicle and you waive all such warranties, including any express or implied warranty of fitness for a specific purpose or ordinary purpose, warranty of merchantability, warranty of fitness for the particular purpose of your intended use, and any warranty that the vehicle is free from hidden, latent or redhibitory defects. You also waive any right. that you may have to demand that the sale be canceled (rescinded) or seek a reduction of the Cash Price for the vehicle for breach of the implied warranties. If the vehicle is new, you accept the manufacturer's separate. written new product warranty as your exclusive warranty with respect to the sale and you acknowledge that you received a copy of it.
>
> The above waiver of warranties has been read by me and explained to me in a manner that I understand, and I knowingly consent to the waivers.
>
> s/Darrell Hutchins
> Buyer: B & E EQUIPMENT, LLC

On the same day the Buyer's Order was signed, Darrell Hutchins (on behalf of B & E Equipment) and Defendant, Dixie, entered into a Service Contract.[4] The Service Contract stated, "DIXIE RV SUPERSTORES OF ACADIANA LLC Dba DIXIE RV SUPERSTORES" as the dealership's name and was signed by the "DEALERSHIP REPRESENTATIVE."[5] The Service Contract was also signed by Darrell Hutchins, who was named as "CUSTOMER" on the Service Contract.[6]

---

[4] [Doc. No. 24-6]
[5] [Id.]
[6] [Id.]

Despite Darrell Hutchins signing the Buyer's Order and the Service Contract on behalf of B & E Equipment, the motor home was titled in the name of B & E Equipment under the State of Montana to inure to the benefit of Montana's favorable tax laws.[7] Plaintiffs allege that when the Hutchinses took possession of the motor home, it was defective in the materials and workmanship, in violation of Louisiana's Redhibition Laws. Specifically, Plaintiffs allege the air conditioner, tire monitor system, and televisions were not functioning properly.[8] Moreover, Plaintiffs allege under Count 2 that Defendant Dixie was negligent in repairing the motor home.[9] Particularly, Plaintiffs allege the motor home was left at Dixie's shop for twenty-nine days on the first occasion, nine days on the second occasion, twenty-one days on the third occasion, fifty-three days on the fourth occasion, twenty-two days on the fifth occasion, and almost six months at a place called Foretravel.[10]

On March 31, 2022, Plaintiffs filed suit against Defendants, Jayco, Dixie, and The Shyft Group, USA, Inc. in the United States District Court for the Western District of Louisiana, alleging diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a).[11] On June 27, 2022, Defendant, The Shyft Group, USA, Inc., was voluntarily dismissed from the suit, with only Jayco and Dixie remaining as Defendants.[12]

On May 19, 2023, Defendants filed the instant Motion for Summary Judgment.[13] Defendants contend that the Hutchinses have no standing to bring claims against Defendants; B & E Equipment have no basis to recover general damages, such as, mental anguish, humiliation, or inconvenience; B & E Equipment waived the warranty against redhibition; and lastly, Plaintiffs

---

[7] [Doc. No. 24-7 p. 6]
[8] [Doc. No 28 p. 12]
[9] [Doc. No. 1 ¶¶ 32-35]
[10] [Doc. No. 28 p. 12]
[11] [Doc. No. 1]
[12] [Doc. No. 15]
[13] [Doc. No. 24-1]

have failed to satisfy an action for negligent repair.[14]

On June 30, 2023, Plaintiffs filed an Opposition.[15]  On July 07, 2023, Defendants filed a Reply.[16]  The Court is now prepared to rule.

## II.    LAW AND ANALYSIS

### A. Summary Judgment Standard

Under Fed. R. Civ. P. 56(a), "[a] party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." "If the moving party meets the initial burden of showing there is no genuine issue of material fact, the burden shifts to the nonmoving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Distribuidora Mari Jose, S.A. de C.V. v. Transmaritime, Inc*., 738 F.3d 703, 706 (5th Cir. 2013) (internal quotation marks and citation omitted).; *see also* Fed. R. Civ. P. 56(c)(1).  A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).  A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.*

"[A] party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007) (*citing Anderson*, 477 U.S. at 248).  In evaluating the evidence tendered by the

---

[14] [Id.]
[15] [Doc. No. 28]
[16] [Doc. No. 30]

parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255. "A non-conclusory affidavit can create genuine issues of material fact that preclude summary judgment, even if the affidavit is self-serving and uncorroborated." *Lester v. Wells Fargo Bank, N.A.*, 805 F. App'x 288, 291 (5th Cir. 2020) (citations omitted).

### B. Standing and Damages Issues

Under *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), a federal court sitting in diversity jurisdiction applies the substantive law of the forum state. Louisiana law states that a member of a limited liability company "is not a proper party to a claim by or against [the LLC], except when the object is to enforce such a person's rights against or liability to the [LLC]." La. Rev. Stat. § 12:1320(C); *see, e.g., Cowboy Mouth L.L.C. v. Monkey Hill Productions, Inc.*, 1999 WL 35303, at *2 (E.D. La. 1999) (plaintiff members of LLC were not proper parties to suit for damages for breach of contract and other tortious acts); *Metro Riverboat Assocs., Inc. v. Bally's La., Inc.*, 779 So.2d 122, 125 (La. Ct. App. 4th Cir. 2001) (LLC member had no legal capacity to file a breach of contract suit on behalf of company because they are separate legal entities).

Defendants contend that the Hutchinses are not proper parties to the suit because members of a business entity do not have standing.

The Court agrees with Defendants. In support of their argument, Defendants cite to *Franks v. Royal Oldsmobile Co.,* 605 So. 2d 633, 655 (La. Ct. App. 5th Cir. 1992), where the plaintiff, Franks, filed a redhibition action against the defendant. However, Franks was not the original purchaser of the vehicle. Rather, River Operators, Inc. was the original purchaser and Franks only owned a significant interest in the corporation. *Id.* at 634. The Louisiana Fifth Circuit Court of Appeal ruled that because Franks was not the buyer and merely only a member of the corporation,

5

he did not have an action in redhibition against the seller.

Additionally, *Wallace v. AeroPremier Jet Ctr., LLC,* No. CIV.A. 10-1136, 2010 WL 3081370 (E.D. La. Aug. 5, 2010), is a persuasive case where an aircraft was owned by Wallace Yarborough Investments, LLC and the LLC's members were Wallace and Yarborough. Thus, there were three plaintiffs in the action: Wallace, the LLC, and Yarborough. Wallace and Yarborough alleged individual damages as a result of their inability to use the aircraft for "business opportunities." *Id.* at 1. The defendants argued that the plaintiffs could not state a claim as owners of the LLC, as they were barred under Louisiana law. *Id*. The court agreed and ruled "the plaintiffs Wallace and Yarborough did not individually own the aircraft; the LLC owned the aircraft. Wallace and Yarborough cannot show that they are damaged apart from the damages of the LLC." *Id.* at 3.

Although *Wallace* is not binding precedent, this Court is nonetheless persuaded by the rule and reasons pronounced therein. The facts of the case at hand are similar to the scenario cited above in that the Hutchinses, as sole members of B & E Equipment, LLC, have alleged damages in their individual capacity against Defendants. However, the Hutchinses have no standing because a member of an LLC cannot bring damages in their individual capacity for damages to the LLC or its property. La. Rev. Stat. § 12:1320(C). Plaintiffs contend the actual use of the motor home was for the Hutchinses' personal use. Thus, because of the personal use, they have proper standing to bring such claims. The Hutchines placed the motor home in the name of B & E Equipment to save on taxes. They cannot "have it both ways" by claiming damages for their personal use while simultaneously saving taxes by putting the motor home into an out of state LLC. As laid out above, Plaintiffs have offered no genuine dispute of material fact in the present case to defeat Defendants' entitlement to summary judgment on this issue. The Hutchinses should

be dismissed from the case.

For purposes of the remainder of the ruling, B & E Equipment is the *only* remaining Plaintiff.

Defendants argue that B & E Equipment cannot recover general damages, such as mental anguish, humiliation, or inconvenience, as set out in the complaint because it is a business entity. "General damages are those which may not be fixed with pecuniary exactitude; instead, they 'involve mental or physical pain or suffering, inconvenience, the loss of intellectual gratification or physical enjoyment, or other losses of life or lifestyle which cannot be definitely measured in monetary terms.'" *Jones v. progressive Security Insurance Co*., 209 So.3d 912, 925 (La. Ct. App. 3rd Cir. 2016).  "Louisiana state and federal courts agree that business entities are incapable of experiencing human emotions and cannot recover on that basis."  *Lake Charles Instruments Inc. v. Scottsdale Ins. Co.*, No. 2:21-CV-00893, 2022 WL 2398992, at *2 (W.D. La. July 1, 2022); *see also Gulf Coast Land Sols. LLC v. Progressive Paloverde Ins. Co.,* No. 2:22-CV-02399, 2022 WL 16727222, at *2 (W.D. La. Nov. 4, 2022).  If the object, or exclusive object, of a contract is physical gratification, nonpecuniary damages as a consequence of nonfulfillment of that object are not recoverable. *Meador v. Toyota of Jefferson, Inc.,* 322 So. 2d 433, 437 (La. 1976).

Plaintiff cites to *Pike v. Stephens Imports, Inc.*, 448 So. 2d 738 (La. Ct. App. 4th Cir. 1984) in furtherance of its argument that recovery for general damages is warranted under this case.  In *Pike*, Stephen Inc. unsuccessfully appealed from a judgment awarding plaintiff, Alvin Pike ("Pike"), general damages under a defective repair claim. *Id*.

However, Pike only recovered such damages because Pike was a natural person. *Id.*  Here, the Complaint includes as a Plaintiff, B & E Equipment, which is a business entity that cannot recover for "mental anguish, humiliation, and inconvenience."  Therefore, Plaintiff has not

7

satisfied its burden of establishing there is a genuine dispute of material fact in the present case to defeat Defendants' entitlement to summary judgment on this issue.

### C. Waiver Issue

The Louisiana Supreme Court ruled in *Prince v. Paretti Pontiac Co.*, 281 So. 2d 112, 117–118 (La. 1973), that warranty limitation provisions in "Buyer's Order" documents and automobile service manuals have no effect on the implied warranty against hidden defects. In *Dunlap v. Chrysler Motors Corp.*, 299 So. 2d 495, 498 (La. Ct. App. 4th Cir. 1974), the plaintiff signed a retail buyer's order which contained a waiver of the implied warranty against redhibitory defects. The court in *Dunlap* compared the case to *Stumpf v. Metairie Motor Sales, Inc.,* 212 So. 2d 705 (La. Ct. App. 4th Cir. 1968), because in both cases the plaintiffs signed a retail buyer's order which contained waiver language. *Id*. The court ruled pursuant to the *Prince* case, *supra*, that the warranty limitation provision in "Buyer's Order" documents are not effective against the waiver of the implied warranty of redhibition. *Id.*

Defendants contend B & E Equipment's claim regarding redhibition should be dismissed because it waived any and all warranty claims in the Buyer's Order, as evidenced through its representative's signature, Darrell Hutchins. The Court disagrees.

However, even if it is conceivable that a valid and effective waiver could be propounded in a Buyer's Order, there is still a genuine issue of material fact as to whether, particularly, Defendant Dixie, prevented the waiver ever coming into effect by entering into a Service Contract with the Plaintiff. Under La. Civ. Code Ann. art. 2045, "Interpretation of a contract is the determination of the common intent of the parties." By the plain terms of the Buyer's Order, the waiver in the Buyer's Order stated,

> **Unless** we give you a written warranty **or enter into a service contract** with you within 90 days from the date of this contract, we make no warranties, express or

> implied, on the vehicle and you waive all such warranties, including any express or implied warranty of fitness for a specific purpose or ordinary purpose, warranty of merchantability, warranty of fitness for the particular purpose of your intended use, and any warranty that the vehicle is free from hidden, latent or redhibitory defects…

The Defendants argument is that Dixie was not a party to the Service Contract because the contract was between Plaintiffs and NWAN, Inc. only. The Court finds this argument incorrect. Although, NWAN, Inc. is listed on the Service Contract as "ADMINISTRATOR & OBLIGOR," Dixie is listed under the "DEALERSHIP NAME" and the "DEALERSHIP REPRESENTATIVE" signed the Service Contract.[17] "Signatures on contracts are not mere ornaments." *Tweedel v. Brasseaux*, 433 So. 2d 133, 137 (La. 1983). Because Dixie's representative signed the Service Contract, there is a genuine dispute as to whether they were a party to the Service Contract. Additionally, the contract was entered into the same day the Buyer's Order was signed, which met the 90-day condition in the Buyer's Order.[18]

The presence of the Service Contract negates the "as is" waiver under the terms specified in the Buyer's Order. At the very least, even if a waiver may be effective if written in a Buyer's Order, Plaintiff is correct that the presence of the Service Contract indicates a genuine issue of material fact as to whether the Service Contract negates the waiver in the Buyer's Order.

Further, there still exists a genuine dispute as to the redhibitory claim against Jayco. First, the only mention of Jayco in the Buyer's Order stated the waiver did not apply to the manufacturer. Secondly, Jayco was never mentioned in the Service Contract. A seller, as distinguished from a manufacture, is not presumed to know the latent vices in the product he sells. *Spillers v. Montgomery Ward,* 294 So.2d 803 (La. 1974). Hence, because Jayco is a manufacturer, it is presumed to know of the alleged defects.

---

[17] [Doc. No. 24-6]
[18] [Id.]

Accordingly, there is still a genuine issue of material fact regarding the redhibitory defects of the motor home for which Jayco manufactured. Moreover, there is also a genuine dispute of a material fact in the present case regarding the waiver in the Buyer's Order and its relationship to the Service Contract for both Defendants, Jayco and Dixie, making summary judgment on these issues inappropriate.

### D. Negligent Repair

To be awarded a judgment for negligent repair, "a plaintiff is required to prove the following: (1) the repairman was negligent in making the repairs; (2) a causal relationship between the negligent repair work and subsequent accident; and (3) the negligence of the repairman was the proximate cause of the accident." *Federal Ins. Co. v. Cinnater*, 305 So.2d 720, 722 (La. Ct App. 4th Cir. 1974). Negligent repair is failing to repair a defect that, in turn, is the proximate cause of an accident. *Block v. Fitts*, 274 So.2d 811, 814 (La. Ct. App. 3rd Cir. 1973). Expert testimony regarding "unacceptable" repairs of vehicle support a finding that the car dealer was negligent in repairing the car. *Pike v. Stephens Imports, Inc*., 448 So. 2d 738 (La. Ct. App. 4th Cir. 1984).

Defendants contend there is no evidence of negligent repairs on behalf of Dixie due to Plaintiffs failure to allege specific factual averments regarding their allegations.[19] Defendants support this contention through the expert deposition of Phil Houser and the deposition of James Erwin, Dixie's Regional Director of Fixed Operations.[20] Mr. Houser inspected the motor home on March 21, 2023, and in his inspection report, he stated the repairs were successful and all issues listed in the complaint were resolved.[21]

---

[19] [Doc. No. 24-2 p. 18]
[20] [Doc. No. 24-2 p. 14]
[21] [Doc. No. 24-9]

The Court agrees with Defendants that Plaintiff offers no evidence of negligent repair. Plaintiff's only argument regarding negligent repair is that the Defendant, Dixie, took an "unreasonable" amount of time to repair the malfunctioning issues listed in the Complaint.[22] Time delays rarely amount to a negligent repair claim, without meeting other elements, such as causation. *Joseph v. Bohn Ford, Inc*., 483 So.2d 934, 942 (La. 1986). Plaintiffs' support for the argument of negligent repair depends on cases where the failure to repair *caused* the accident. Even if Plaintiff could prove a genuine issue of material fact as to negligent repair, Plaintiff has failed to show any evidence or law establishing the time delays as shown in the complaint were unreasonable, especially considering the circumstances surrounding the year of 2020. Plaintiff failed to show that there is a genuine issue of material fact regarding negligent repair on behalf of Dixie.

### III.  CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment [Doc. No. 24] is **GRANTED** with regards to the Hutchinses standing in the suit, damages for mental anguish, humiliation, and inconvenience alleged by B & E Equipment, and claims of negligent repair. It is **DENIED** with regards to the waiver. Darrell and Cristi Hutchinses' claim and B & E Equipment's claims of mental anguish, humiliation, and inconvenience damages, and negligent repair are hereby **DISMISSED WITH PREJUDICE**.[23]

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE

---

[22] [Doc. No. 28 p. 12]